UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                    :

TIRSON RIVERA and REHEMA ULLI, on    :
behalf of themselves and all others similarly  :
situated,                                 :
                                      :

                      Plaintiffs,  :          25-CV-1348 (VSB)
                                      :
          -against-           :      **OPINION & ORDER**
                                      :

LIVunLTD LLC,                     :
                                      :

                  Defendant.  :
                                      :
---------------------------------------------------------- X

Appearances:

Steven Arenson
Avi Mermelstein
Arenson, Dittmar & Karban
New York, NY
*Counsel for Plaintiffs*

Mark A. Beckman
Frances Codd Slusarz
Gordon & Rees, LLP
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

On May 12, 2026, the parties filed a motion seeking approval of the settlement agreement

reached in this Fair Labor Standards Act ("FLSA") case.  (Doc. 46 ("Motion" or "Mot."); *see*

*also* Doc. 46-1 ("Settlement Agreement").)  Parties may not privately settle FLSA claims and

stipulate the case's dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) without

the approval of the district court or the Department of Labor.  *See Samake v. Thunder Lube, Inc.*,

24 F.4th 804, 807 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200

(2d Cir. 2015).  In the absence of Department of Labor approval, the parties must demonstrate to me that their settlement is "fair and reasonable."  *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (internal quotation marks omitted).

Having reviewed the materials before me, I find that the Settlement Agreement is fair and reasonable.  Therefore, the parties' joint motion seeking an order approving the Settlement Agreement is GRANTED, and the action is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a).

## I.    Legal Standard

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion."  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs."  *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]."  *Id.*  "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'"  *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam) (quoting *Blum v.*

2

*Stenson*, 465 U.S. 886, 895 n.11 (1984) (alteration in original)).  A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation."  *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it."  *Fisher*, 948 F.3d at 597.

## II.    Discussion

I have reviewed the Settlement Agreement, (Doc. 46-1), the parties' joint motion in support of approval of the settlement, (Mot.), and the records of Plaintiffs' attorneys' fees and costs, (Doc. 46-2), in order to determine whether the Settlement Agreement's terms are fair, reasonable, and adequate.  I find that the terms are fair, reasonable, and adequate and I approve the Settlement Agreement.

### A.    *Settlement Amount*

I first consider the sum provided for in the Settlement Agreement.  The Amended Complaint asserts six claims:  (1) violation of the overtime provision of the FLSA, (Doc. 7 ("Am. Compl.") ¶¶ 145–52); (2) violation of the overtime provision of the New York Labor Law ("NYLL"), (*id*. ¶¶ 153–62); (3) violation of the minimum wage provision of the NYLL, (*id*. ¶¶ 163–69); (4) violation of the timely payment of wages provision of the FLSA, (*id*. ¶¶ 170–78); (5) violation of the timely payment of wages provision of the NYLL, (*id*. ¶¶ 179–85); and (6) violation of the wage statement requirements of the NYLL, (*id*. ¶¶ 186–200).  "[P]arties seeking approval of a FLSA settlement  must supply [a] calculation addressing all possible

sources of a plaintiff's potential damages." *Leonardo v. Reza Fast Food, Inc.*, No. 20-CV-8879, 2022 WL 2440975, at *2 (S.D.N.Y. July 5, 2022) (collecting cases).

Here, the settlement amount is $50,000. (Mot. 2.) Plaintiffs worked as lifeguards for Defendants. (*Id.* at 1.) Plaintiffs alleged that they spent more than 25% of their work time engaged in physical labor and were thus manual laborers under the NYLL, entitled to weekly pay instead of bi-weekly. (*Id.* at 2.) Plaintiffs further allege that Defendant had a policy of requiring Plaintiffs to perform additional work before and after their official shifts off-the-clock for approximately 25-45 minutes per day without compensation. (*Id.*) Plaintiffs assert that if they had prevailed on their claims, they would have received $10,320.80 in unpaid wages, with liquidated damages equivalent to the actual damages of $10,320.80,[1] $3,390.21 in interest, and $57,036 in damages based on violations of the timely payment of wages provisions of the FLSA and NYLL. (*Id.* at 3.) Plaintiffs note a further $10,000 in their assessment of damages based on violations of the wage statement requirements of the NYLL, (*id.*), which each have a statutory limit of $5,000 in damages. N.Y. Lab. Law § 198. Including interest but excluding attorney's fees, if proven, Plaintiffs' award would be $91,067.81.[2] (Mot. 3.) Thus, the total possible settlement award against which I should evaluate the Settlement Agreement is $91,067.81. (*Id.*)

Under the Settlement Agreement, Plaintiffs would receive $50,000, less $17,283.52 in attorneys' fees and costs, for an actual recovery of $32,716.48 to be apportioned between

---

[1] Liquidated damages are typically considered as part of the overall damages when evaluating a FLSA settlement. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 322 (S.D.N.Y. 2021) (considering "liquidated damages" in evaluating the "maximum possible recovery"); *Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (same). "The amount of liquidated damages is equal to 100% of the amount owed to the Plaintiffs in unpaid wages, which includes unpaid minimum wage, unpaid overtime, and unpaid spread-of-hours." *Villanueva v. 179 Third Ave. Rest. Inc.*, 500 F. Supp. 3d 219, 239 (S.D.N.Y. 2020), *report and recommendation adopted*, 2021 WL 2139441 (S.D.N.Y. May 26, 2021).

[2] The Motion states that "the top end of Plaintiffs' possible range of recovery was $91,067.80," (Mot. 3), but this is a typographical error and should instead state that the top end of the recovery was $91,067.81.

4

Plaintiffs, (Settlement Agreement 2), or approximately 35.93% of Plaintiffs' total possible recovery. In this District, settlements of 12 to 13 percent of the total possible recovery are at the low-end of what is considered reasonable in the context of a *Cheeks* review. *See, e.g.*, *Cronk*, 538 F. Supp. 3d at 323 (collecting cases) (finding that a settlement representing roughly 13 percent of the possible recovery was at the low-end of reasonable).

The settlement amount is thus well within the range of reasonable recoveries, particularly given the litigation risks of this case. On September 29, 2025, Defendant filed a motion to dismiss the fourth cause of action only, which asserts that Defendant violated the FLSA's prompt payment requirement. (Docs. 26–27.) The briefing was completed on November 24, 2025 and "[b]oth parties face risks about the FLSA prompt payment issue contested on the motion . . ., which is where the bulk of the potential damages lies in this case." (Mot. 4.) Moreover, the Defendant shared records at the mediation that "on their face, contradicted Plaintiffs' accounts of their hours as alleged in the complaint" and "Plaintiffs face the risk that they would not succeed in proving those records inaccurate, a prerequisite to establishing their off-the-clock, overtime, and [Wage Theft Prevention Act] claims." (*Id.* at 3–4.)

Additionally, I find nothing in the record suggesting that the Settlement Agreement is tainted by fraud or collusion or that it is the product of anything less than arm's-length bargaining between experienced counsel following a mediation conducted by a third-party mediator selected from this District's mediation panel. (Mot. 5.) Accordingly, the settlement sum is fair and reasonable given comparable cases in this District.

### B. *Remaining Provisions*

I have reviewed the remainder of the Settlement Agreement, and I find the remaining provisions fair and reasonable. For example, the Settlement Agreement does not include an

overbroad release clause; Plaintiffs' release is limited to FLSA, NYLL, or other applicable wage-and-hour claims.  (Settlement Agreement 3.)  The Settlement Agreement contains no confidentiality provision or non-disparagement clause.  (*See* Settlement Agreement.)  This means that the Settlement Agreement does not raise the concern of a "highly restrictive confidentiality provisions," which would be "in strong tension with the remedial purposes of the FLSA."  *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015).

### C.    *Attorneys' Fees*

A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method.  *See McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  As a general matter, the "starting point" in determining reasonable attorneys' fees is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case."  *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (lodestar calculation "creates a 'presumptively reasonable fee'" (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008))).  The party seeking fees bears the burden of demonstrating that its requested fees are reasonable, *see Blum*, 465 U.S. at 897, and must provide the court with sufficient information to assess the fee application, *see N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir. 1983).  "Fees of one-third in FLSA cases are routinely approved in this Circuit."  *Manley v. Midan Rest. Inc.*, No. 14-CV-1693, 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) (collecting cases); *see also Zorn-Hill*, 2020 WL 5578357, at *6 ("[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third of the total recovery." (collecting cases)).  Additionally, "[c]ourts regularly award lodestar

multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10-CV-4712, 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) (collecting cases).

The parties state that Plaintiffs' counsel will receive $17,283.52 in attorneys' fees and costs. (Mot. 6.) This attorneys' fees award is 34.57% of Plaintiffs' total recovery. "Although the fee sought by counsel is slightly more than the traditional one-third sought in most FLSA cases, it includes counsel's out-of-pocket costs such as the $40[5] filing fee and the [$211.85] fee for serving the summons and complaint." *Garcia v. YSH Green Corp.*, No. 16-CV-532, 2016 WL 6779630, at *3 (S.D.N.Y. Nov. 14, 2016) (approving a fee award of 35% of the settlement proceeds in a FLSA case). "When these expenses are considered, there is a *de minimis* difference between the 35% sought here and the one-third that has been routinely approved." *Id.* Indeed, if I were to exclude the $616.85 in costs, Plaintiffs' attorneys' fees would be $16,666.67, which amounts to one-third of the total settlement amount, which is typical in this Circuit. *See Manley*, 2017 WL 1155916, at *9 (collecting cases).

The billing records submitted by Plaintiffs' counsel indicates that Mr. Arenson, a partner, charges an hourly rate of $850 and spent 49.70 hours on this matter, Mr. Mermelstein, a partner, charges an hourly rate of $500 (except for clerical tasks, for which Mr. Mermelstein charges an hourly rate of $200) and spent 31.72 hours[3] on this matter, Anna Goldstein, an associate, charges an hourly rate of $300 (except for clerical tasks, for which Ms. Goldstein charges an hourly rate of $150), and spent 10.1 hour on this matter. (Mot. 7; Doc. 46-2.) Thus, in total, counsel for

---

[3] The Motion states that Mr. Mermelstein spent "approximately 91.5 hours on the case," (Mot. 7), although the billing records submitted in support of the Motion indicate that Mr. Mermelstein spent 31.72 hours on this matter, (Doc. 46-2 at 8). This is a typographical error because 91.52 is the amount of total hours billed by Plaintiffs' counsel, including Mr. Mermelstein, Mr. Arenson, and Ms. Goldstein. (*See* Doc. 46-2.)

Plaintiffs spent approximately 91.52 hours on this matter, which would have amounted to a total bill of $60,496.85, plus costs.  (Mot. 6; Doc. 46-2.)

Although Mr. Mermelstein's and Ms. Goldstein's rates of $500 for a partner and $300 for an associate, respectively, fall within what courts in this District have found to be reasonable, Mr. Arenson's rate of $850 does not fall within what courts in this District have found to be reasonable.  *See, e.g.*, *Velandia v. Serendipity 3, Inc.*, No. 16-CV-1799, 2018 WL 3418776, at *4 (S.D.N.Y. July 12, 2018) (reducing an attorney's hourly rate from $600 to $500 because "an hourly rate of $600 per hour is excessive in a FLSA action, even for a senior litigator with over 25 years of experience"); *Alexander v. DRG Hosp. Grp., Inc.*, No. 23-CV-11101, 2024 WL 4789401, at *3 (S.D.N.Y. Nov. 14, 2024) (approving a $500 hourly rate for named partner in *Cheeks* review); *Redzepagic v. Hammer*, No. 14-CV-9808, 2017 WL 1951865, at *2 n.2 (S.D.N.Y. May 8, 2017) (same); *Ochoa v. Prince Deli Grocery Corp.*, No. 18-CV-9417, 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (calling $450/hour the "prevailing maximum rate in the Southern District"); *Kim v. J&J Safetymate Corp.*, No. 22-CV-1070, 2025 WL 2783273, at *4 (E.D.N.Y. Sept. 30, 2025) ("[T]he current forum rates in the Eastern District of New York are $450–$650 for partners, $300–$450 for senior associates, $150–$300 for junior associates, and $100–$150 for paralegals" (internal quotation marks omitted)).  Although Mr. Arenson is a named partner and "a 1986 graduate of Columbia Law School who has focused his practice almost exclusively on employment law litigation for the past twenty-nine years," (Mot. 7), Mr. Arenson's billing rate of $850 per hour appears to be excessive when compared to rates approved for attorneys with similar experience in this District.  *See Alvarez v. Fine Craftsman Grp., LLC*, No. 20-CV-10452, 2024 WL 3730569, at *3 (S.D.N.Y. Aug. 6, 2024) ("Courts in this district have approved hourly rates for partners of $600 per hour in FLSA and NYLL suits."

(collecting cases)); *Asllani v. Hoti*, No. 19-CV-1106, 2020 WL 5755166, at *9 (S.D.N.Y. Mar. 31, 2020), *report and recommendation adopted*, 2020 WL 5439761 (S.D.N.Y. Sept. 10, 2020) (reducing attorneys' fees because, among other reasons, the attorney's "billing rate [of] $850 per hour [was] more than twice the middle of the customary range in this District, and $400 above the customary high of the range"). Plaintiffs' counsel states that "a court in the District of New Jersey found the hourly rates of Arenson and Mermelstein, at $700 and $400 respectively, to be reasonable when Mermelstein was still an associate." (Mot. 7.)

Nonetheless, I "need not determine the reasonableness of the [] rates in this case, given that the proposed fee award is significantly below the asserted lodestar, and would remain within the appropriate lodestar multiplier range even if the rates were adjusted downwards." *Castillo v. AVI Food Sys., Inc.*, No. 24-CV-6591, 2025 WL 2945435, at *8 (S.D.N.Y. Oct. 16, 2025) (internal quotation marks omitted). The proposed $17,283.52 fee represents a significant, approximately 71%, discount from the $60,496.85 sum in Plaintiffs' attorneys' billing records. (*See* Mot. 6.) Thus, the $17,283.52 fee sought has a multiplier of approximately 0.29 of the Plaintiffs' stated attorneys' fees. Further, if I were to reduce Mr. Arenson's hourly rate from $850 to $600, the cost for his 49.7 hours billed would be reduced to $29,820 instead of the $42,245 billed, (*see* Doc. 46-2 at 4), and the total attorneys' fees would be reduced to $48,071.85 instead of $60,496.85. Assuming these adjustments, the fee award would yield a multiplier of 0.36 of the modified lodestar calculation. Both the as-billed attorneys' fees and the reduced attorneys' fees would be within the range of multipliers approved in this Circuit, and this cross-check confirms that the fees sought are reasonable. *See Brennan*, 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar." (collecting cases)); *Castillo*, 2025 WL 2945435, at *8 ("The amount sought has a

multiplier of less than 0.25 of the claimed lodestar. This is well within the appropriate lodestar multiplier range."). Moreover, the 91.52 hours spent by Plaintiffs' counsel on this matter—which included drafting an opposition to Defendant's motion to dismiss and preparing for and participating in a mediation conference—is also reasonable.

Given this, I find the requested attorneys' fees and costs under the Settlement Agreement to be fair and reasonable.[4]

### III.    Conclusion

For the reasons stated above, I find that the proposed Settlement Agreement to be fair and reasonable. Accordingly, the Motion is GRANTED, and the Settlement Agreement is APPROVED.

This action is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a) and I shall retain jurisdiction solely for the purpose of enforcing the Settlement Agreement. *See Barbecho v. Matrat LLC*, No. 15-CV-00170, 2021 WL 3862662, at *1 (S.D.N.Y. Aug. 30, 2021).

The Clerk of Court is respectfully directed to close this action.

SO ORDERED.

Dated:         June 2, 2026
               New York, New York

Vernon S. Broderick
United States District Judge

---

[4] My approval of the fees here should not be viewed as approval of the rate charged by Mr. Arenson.